IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NCM GROUP HOLDINGS, LLC, | § | |
| | § | |
| Defendant/Counter-Plaintiff Below, | § | No. 506, 2017 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 12067 |
| LVI GROUP INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiff/Counter-Defendant Below, | § | |
| | § | |
| and | § | |
| | § | |
| NORTHSTAR GROUP HOLDINGS, LLC and SCOTT STATE, | § | |
| | § | |
| Counter-Defendants Below, | § | |
| Appellees. | § | |

Submitted: September 26, 2018
Decided: October 1, 2018

Before **STRINE**, Chief Justice; **VALIHURA, VAUGHN**, **SEITZ** and **TRAYNOR**, Justices, constituting the Court *en banc*.

## ORDER

(1)     In the Court of Chancery, former stockholders are litigating competing fraud claims arising out of a merger of their companies that created Northstar Group Holdings LLC.  To address confidentiality issues in document production, the parties entered into a protective order, following the form available as part of the Guidelines for Best Practices for Litigating Cases Before the Court of Chancery.  The form and

the version approved by the Court of Chancery in this litigation contains a restriction that discovery material "shall be used solely for purposes of this litigation and shall not be used for any other purpose, including … any other litigation or proceedings."

(2)     Late in the litigation, NCM sought to modify the protective order to allow it to use information subject to the protective order to file fraud complaints in Illinois and New York against former LVI directors and officers who might not be subject to personal jurisdiction in Delaware.  According to NCM, without the requested amendment, it could not bring fraud claims outside of Delaware against the individuals because the claims might be time-barred before the Court of Chancery completed trial and NCM's appellate rights were exhausted.  In a November 1, 2017 bench ruling, the Court of Chancery denied NCM's request, finding that it had not shown good cause to modify the protective order.

(3)     We granted interlocutory review of the Court of Chancery's bench ruling in part on the strength of NCM's claim that it would be time-barred from bringing its fraud claims after the regular trial and appellate process.  The prejudice claimed by NCM was the kind of prejudice that, in the interests of justice, merited interlocutory review.

(4)     That has turned out not to be the case.  NCM has admitted that it was able to file a fraud complaint in New York against defendants who were not at the time parties to the Court of Chancery litigation.  On top of that, it failed to notify the

2

Court of Chancery before its bench ruling that it had filed the New York complaint, which undermined a substantial basis supporting its motion to amend the protective order. Under the circumstances, interlocutory review is no longer warranted, and we do not express an opinion at this time on the merits of the Court of Chancery's bench ruling.

NOW, THEREFORE, IT IS HEREBY ORDERED that our February 6, 2018 order accepting this interlocutory appeal is rescinded, and interlocutory review of the Court of Chancery's November 1, 2017 bench ruling is refused.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice